## ODELL WEBB BUILDERS, INC. *v.* Faye AVINGTON

CA 80-132                                          603 S.W. 2d 440

### Court of Appeals of Arkansas
Opinion delivered August 27, 1980

*Donald M. Spears*, for appellant.

*Arnold & DeMott,* by: *W. H. (Dub) Arnold,* for appellee.

GEORGE HOWARD, JR., Judge. This is an appeal from a chancery court decree awarding appellant $11,850.00, the balance due under a construction contract, but allowing appellee set-offs of $9,800.00 for defective workmanship.

On March 23, 1978, appellant agreed to construct a dwelling house for appellee, in accordance with certain plans and specifications, for $32,350.00, which included the cost of materials and labor.

Appellee was advised in August, 1978, that the structure was ready for occupancy, but appellee refused to pay the balance due contending that the structure was defective, among other things, in the following particulars: (a) the brickwork was not performed in a workmanship manner, (b) the roof contained swags, (c) the water pressure was extremely low and (d) that the plumbing was defective causing water leakage from the foundation, and elsewhere.

Appellant instituted his action seeking recovery of the unpaid balance under the contract or in the alternative, a materialmen's lien for $5,870.34.

Appellee filed her answer and counterclaim for $26,-000.00 for the damages sustained because of poor workmanship.

The trial court awarded appellant a judgment for $11,-850.00, but found that appellee was entitled to the following set-offs:

1. $4,500.00 to correct the plumbing defects;
2. $2,800.00 to rebrick the house;
3. $1,500.00 to replace the floor covering;
4. $500.00 to repair the swags in the roof; and
5. $500.00 to replace a gas line connected to the central heating at the proper depths.

After carefully reviewing the record, we are unable to say that the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. Nor has the appellant demonstrated that the court's findings are clearly against the preponderance of the evidence, and we, accordingly, affirm.

In *Campbell* v. *Richardson*, 250 Ark. 1130, 468 S.W. 2d 248 (1971), the Arkansas Supreme Court reemphasized that while an appeal from a chancery court is reviewed *de novo*, the decision of the chancellor will be affirmed unless it is clearly against the preponderance of the evidence.

Rule 52 of the Rules of Civil Procedure, which became effective July 1, 1979, provides in relevant part:

". . . Findings of fact shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. . . ."

After the foundation for appellee's house had been laid, appellant's bricklayer, Buddy Lemons, was replaced by one Russell Furr to finish all of the brickwork. While both parties agree that the brickwork was performed in a substandard manner, neither accepts responsibility for the employment of Mr. Furr. Appellant contends that the appellee procured Mr. Furr to complete the brickwork. On the other hand, appellee contends that after appellant advised her that Buddy Lemons was unable to complete the job because he "was tied up", appellant asked appellee is she knew anyone "that laid brick." Appellee testified that she simply supplied a list of names of bricklayers, including the name of Mr. Furr, whom she knew from which appellant could select a replacement and denied that she had hired Mr. Furr.

It is plain that the trial court was presented a fact question in seeking to determine who hired Mr. Furr. It is clear that the appellant agreed to supply and supervise the labor. Moreover, it is undisputed that appellant paid the wages due Mr. Furr for the brickwork. We are not persuaded that the conclusion of the trial court that Mr. Furr was engaged by appellant is clearly against a preponderance of the evidence.

Butch McCallum, a building contractor and a witness called for appellee, estimated the cost for remedying the defects as: $6,000.00 for repairing the plumbing defects; $6,000.00 for replacing the bricks; $3,000.00 for replacing the floor covering; and $1,000.00 for miscellaneous work.

Calvin Efrid, a licensed plumber who performed the initial plumbing, testified that if he were required to replumb the entire house by going overhead, he could make the repairs for $1,500.00.

Appellant estimated the cost involved as $2,000.00 to remedy the brickwork, $1,000.00 to install new plumbing overhead and $1,900.00 for extra fixtures.

We hold that the trial court was confronted with a fact question in seeking to determine the necessary costs involved in repairing the defects to appellee's house. The testimony regarding the essential costs involved is conflicting, to say the very least. It is well settled that it is the prerogative of the trial court to determine credibility and resolve conflicts in the testimony. Moreover, the record reflects that the trial court made a personal inspection of the premises and we are unable to state that his findings are clearly against the preponderance of the evidence.

Finally, appellant and his witnesses testified that while it is unknown what is actually causing the water leaks around the foundation of appellee's house, the evidence adduced in its behalf absolves appellant of any inferior workmanship in the installation of the copper tubing before the concrete foundation was poured; and that the testimony of its witness, Calvin Efrid, that in his opinion the water leaks are attributable to a frozen water line behind the kitchen sink that

was exposed to outside atmosphere relieves appellant of any responsibility for the leaks.

On the other hand, Harold Shepherd, President of Arkadelphia Plumbing and Heating Company, testified that while it was impossible to tell what caused the leakage under the concrete foundation, it was his opinion that the leaks were either due to loose joints in the copper tubing or the tubing was damaged prior to the pouring of the concrete foundation. Again, the trial court was faced with a fact question and we are unable to say that the trial court's findings that appellant is responsible for the defects is not clearly supported by a preponderance of the evidence.

Affirmed.